# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: October 31, 2024)

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DESTANIE HARGROVE, as Mother on behalf of A.F.M., | * |
| | * |
| Petitioner, | * No. 17-233V |
| | * |
| v. | * Special Master Dorsey |
| | * |
| | * Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

Rick Alan Cory, Danks & Danks, Evansville, IN, for Petitioner.
Colleen Clemons Hartley, U.S. Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 17, 2017, Destanie Hargrove, as Mother, on behalf of A.F.M., ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges A.F.M. suffered "table[] injuries, including, but not limited to, severe static epileptic encephalopathy and permanent brain damage resulting from adverse effects of one or more . . . vaccinations received on May 7, 2014," specifically the diphtheria-tetanus-acellular-pertussis ("DTaP") vaccine. Petition at 1 (ECF No. 1); Petitioner's Motion for Ruling on the Record at 1,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

12 (ECF No. 80). On October 27, 2023, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 129).

On March 15, 2024, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 132). Petitioner requests compensation in the amount of $142,518.17, representing $63,043.00 in attorneys' fees and $79,475.17 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. Id. at 1. Respondent filed his response on March 15, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 133). Petitioner did not file a reply thereafter.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $142,518.17.**

    **I.    Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

    a.    **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs.,

3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting Blum, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the Davis County exception. Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351, 1353 (2011) (citing Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in McCulloch and has issued a Fee Schedule for subsequent years.

Petitioner requests that her attorney, Mr. Rick Cory, be compensated at an hourly rate of $350.00 per hour for all work performed in this case, from 2017-2023. This is Mr. Cory's first case in the Vaccine Program and therefore the Court has not previously had an opportunity to assess the reasonableness of Mr. Cory's hourly rates. Mr. Cory's affidavit states he was admitted to practice law in Indiana in June 1984, and was admitted to practice before the Court of Federal Claims in 2016. Fees App. Ex. 1 at 1. Based on the undersigned's experience, the hourly rate billed and requested by Mr. Cory is reasonable and shall be awarded herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review of the billing entries, the undersigned notes that all entries in petitioner's counsel's billing logs were block-billed in increments of at least 4.17 hours up to 44.0 hours at a time. Fees App. Ex. 2 at 1-3. Additionally, individual billing entries span multiple dates, and in some instances more than a year. *Id*.

Block billing or grouping several tasks into one entry without providing sufficient detail as to what each task entailed is disfavored. Broekelschen, 2008 WL 5456319, at *13–14 (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 99-670V, 2006 WL 3903710, *8–9 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Mostovoy v. Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). The Guidelines for Practice Under the National Vaccine Injury Program further states, "Contemporaneous time records should indicate the date and specific character of the service performed, the number of hours (or fraction thereof) expended for each service, and the name of the person providing such service. Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request. Preferred time increments are tenths of an hour." Guidelines for Practice under the National Vaccine Injury Compensation Program, § X.3.B.; *See* Vaccine Rules, Second Supplement to Appendix B Attorney's Fees and Costs, numbered paragraph 1(a)(i)(B).

As this is a final motion for attorneys' fees and costs, and neither the hours expended nor the requested hourly rate seem unreasonable, the undersigned will award counsel's requested fees in full. Counsel is warned that such practices are not allowed in the Vaccine Program and billing records with insufficient detail (i.e., activities lumped together and each task not having its own line indicating the amount of time spent on that task in increments of a tenth of an hour) will not be awarded in the future. The undersigned also notes Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $63,043.00.

### b. Attorneys' Costs

Petitioner requests a total of $79,475.17 in attorneys' costs. This amount is comprised of acquiring medical records, postage, legal research fees, and expert services provided by Marcel

Kinsbourne, M.D. Fees App. Ex. 3. Petitioner requests a total $76,875.00 for 153.75 hours of expert services provided by Dr. Kinsbourne, billed at a rate of $500.00 per hour. *Id*. at 175. The undersigned has reviewed the requested costs and finds them to be reasonable for the work performed in this case. Accordingly, the full amount of costs shall be awarded.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $63,043.00 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$63,043.00** |
| | |
| Attorneys' Costs Requested | $79,475.17 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$79,475.17** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$142,518.17** |

**Accordingly, the undersigned awards $142,518.17 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Rick A. Cory, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

5